## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | | |
|---|---|---|
| **DENNIS PAUL WAGNER** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 6:22-cv-425** |
| | § | |
| **CITY OF EMORY, TEXAS, AND** | § | |
| **MAYOR EARL HILL, III  IN HIS** | § | |
| **INDIVIDUAL CAPACITY,** | § | **JURY TRIAL DEMANDED** |
| | § | |
| **Defendants.** | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT
## AND JURY DEMAND

## INTRODUCTION

1.      This is an unlawful employment practices case.  It involves public  entity and public official abuse of power that violated state and federal law.

## PARTIES

2.      Plaintiff Dennis Paul Wagner is an individual who worked as the Code Enforcement Officer for the City of Emory, Texas.

3.      Defendant City of Emory, Texas is a municipality located in Rains County, Texas.  It may be served by delivering the summons and complaint to Earl Hill, III, Mayor, 399 N. Texas Street, Emory, Texas 75440.

4.      Defendant Earl Hill, III is an individual who serves as the  Mayor for the City of Emory, Texas.  Hill may be served by delivering the summons and complaint to him at

399 N. Texas Street, Emory, Texas 75440.

## JURISDICTION

5.      The Court has subject matter jurisdiction over this civil action pursuant to 28 U.S.C. § 1331 [federal question jurisdiction].

## VENUE

6.      Venue is proper in the United States District Court for the Eastern District of Texas pursuant to 29 U.S.C. § 1391(b) because (1) the City resides within this judicial district, and all Defendants reside in the same state, and (2) a substantial part of the events or omissions giving rise to the claims asserted herein occurred within this judicial district.

## FACTUAL BACKGROUND

7.      Plaintiff Wagner was employed by the City of Emory, Texas (hereinafter "the City") as a code enforcement officer from March 3, 2021, until he was terminated on August 9, 2022.  Wagner reported directly to the chief of police in the chain of command at the City. As a building inspector there are Life and Safety rules and regulations which Wagner had a duty to enforce to protect the lives of the citizens for the City.

### Reports

8.      In the course of his duties as a code enforcement officer, Plaintiff started making good faith reports of violations of law to appropriate law enforcement authorities. Plaintiff began making the reports concerning a building in the City that is owned by Scott

Hooten. The building was and is not up-to fire code. On February 17, 2022, Plaintiff sent Hooten a notice to cease and desist operation of the business until the building was brought into compliance. After three months passed, Plaintiff made a report to the State Fire Marshal to look into the violations at Hooten's storage.

9.      On May 10, 2022, there was a city council meeting where some of the towns people got up in front of the council to disparage Plaintiff. Lance Hooten, Scott Hooten, both spoke to the City Council to complain about Plaintiff's code enforcement activities. In the Council meeting Scott Hooten stated, "I am not going to put doors in the back of this building." This was one of the code violations Plaintiff has previously sent to Scott Hooten. (all of which were recorded by the city secretary) The week following Plaintiff filed a complaint with the State Fire Marshal which was approved by City Administrator Allen.

**Protected Speech**

10.      During the May 10, 2022, city council meeting, Plaintiff spoke in favor of an agenda item that proposed that the City hire a Fire Marshal. This agenda item did not pass.

**Retaliation**

11.      After Plaintiff reported the violations of law in good faith to the appropriate law enforcement authorities, he suffered discriminatory conduct by Defendant that would not have occurred had the reports not been made.  Plaintiff was told specifically that the Mayor wanted Plaintiff to be fired if he went through with the complaint to the State Fire Marshal. Ms. Allen told Plaintiff that the Mayor said that this was "retaliation for the other night at the city council meeting."

12.      Soon thereafter, Plaintiff met with the Mayor at his office and showed him

all of the evidence regarding the Hooten building code violations.  On May 18, 2022, City Administrator Allen called Plaintiff into her office and told him that she was going to "micromanage"  all his work and prohibit Plaintiff from going into existing businesses. After the meeting with City Administrator Allen, Plaintiff made sure that all notices with "political consequences" were reviewed by City Administrator Allen.

13.     On or about July 29, 2022, Plaintiff met with City Administrator Angie Allen to ask about the Fire Marshal inspection that was on hold, Angie Allen said the Emory Fire Chief would do the inspection. Then Plaintiff questioned whether the Emory Fire Chief should do the inspection as he is not a Fire Marshal and was employed by Lance Hooten, the brother of Scott Hooten.

**Termination**

14.     On August 8, 2022, City Administrator Allen called Plaintiff into her office and said that the Mayor told her that she had to fire him. Allen said that the mayor just said that  Plaintiff was "not a fit for the city." At the time of his termination, Plaintiff had not been presented with any notice of any deficiency in his job performance by his direct supervisor, the chief of police.

**CLAIM FOR RELIEF AGAINST EARL HILL, III:**
**INDIVIDUAL CAPACITY CLAIMS FOR**
**FIRST AMENDMENT RETALIATION [42 U.S.C. § 1983]**

15.     At the city council meeting on May 10, 2022, Plaintiff spoke as a citizen on a matter of public concern and engaged in constitutionally protected speech.

16.     Mayor Hill, acting under color of state law, through infliction of objectively

adverse employment actions, illegally retaliated against Plaintiff because he engaged in constitutionally protected speech.

17.     Mayor Hill personally directed the deprivations of Plaintiff's constitutional rights and is therefore responsible for the deprivations in his individual capacity.

18.     At the time of the adverse employment actions at issue in this civil action, the law prohibiting retaliation against a city employee for speaking as a citizen  on  a matter of public concern was clearly established, and Mayor Hill's conduct was objectively  unreasonable  in  light  of  that  clearly established law.

19.     Mayor Hill acted with reckless or callous indifference to Plaintiff's federally-protected rights or acted with evil motive or intent.

20.     As a result of Mayor Hill's unlawful conduct, Plaintiff suffered harms and losses.

## CLAIMS FOR RELIEF AGAINST THE CITY:
## TEXAS WHISTLEBLOWER ACT

21.     As the City of Emory Code Enforcement Officer, Plaintiff qualified as a "public employee" within the meaning of the Texas Whistleblower Act.

22.     The City of Emory is a "local government entity" within the meaning of the Texas Whistleblower Act.

23.     The Texas Whistleblower Act prohibits local governmental entities from acting to suspend or terminate the employment of — or taking "other adverse personnel action" against — a public employee who reports to an appropriate law enforcement authority what he or she in good faith believes to be a violation of law by the employing

governmental entity or another public employee.

24.     "Personnel action" includes any action that affects a public employee's compensation, promotion, demotion, transfer, work assignment, or performance evaluation.

25.     As demonstrated by the facts, the City took adverse personnel actions against Plaintiff within the meaning of these provisions of the Texas Whistleblower Act.

26.     As a result of the City's unlawful conduct, Plaintiff suffered harms and losses.

## JURY DEMAND

27.     In accordance with Federal Rule of Civil Procedure 38, Mr. Wagner demands a trial by jury of all issues raised in this civil action that are triable of right or choice to a jury.

## REQUEST FOR RELIEF

28.     In accordance with Federal Rule of Civil Procedure 8(a)(3), Plaintiff requests the following relief:

A.     judgment in his favor on all claims asserted in the complaint;

B.     a permanent injunction prohibiting the City and Mr. Hill, and those acting in concert with them, from unlawfully retaliating against him or any other city employee because an employee engaged in constitutionally protected speech or made a protected report under the Texas Whistleblower Act;

C.     judgment jointly and severally against the City and Mr. Hill [in his individual capacity] in an amount sufficient to compensate him  for the harms and losses that the violations of law caused, including back pay, compensatory damages, and, if restoration to work is not feasible, front pay;

D.     judgment against Mr. Hill, in his individual capacity, for punitive damages;

E.     judgment against Mr. Hill, in his individual capacity, for reasonable and necessary attorneys' fees and costs pursuant to 28 U.S.C. § 1988 and court costs pursuant to 28 U.S.C. § 1821 and 28 U.S.C. § 1920;

F.     judgment against the City for reasonable and necessary attorneys' fees and costs pursuant to Texas Government Code §554.003;

G.     pre-judgment and post-judgment interest as allowed by law; and

H.     for such other and further relief, at law or in equity, to which he may show himself justly entitled.

Respectfully submitted,

/s/*William S. Hommel, Jr.*
William S. Hommel, Jr.
State Bar No. 09934250
bhommel@hommelfirm.com
Hommel Law Firm PC
5620 Old Bullard Road, Suite 115
Tyler, Texas 75703
903-596-7100 Telephone/Facsimile

ATTORNEY FOR PLAINTIFF